D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff and proposed*
*FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

**JUVENTINO CASTILLO, on behalf of**
**himself and others similarly situated,**

              **Plaintiff,**

     v.

**GRAND CANYON DINER CORP.,**
**GRAND CANYON BISTRO CORP., 143**
**MONTAGUE RESTAURANT CORP.,**
**GONZALO CARRETO, and CESAR**
**RENDON,**

              **Defendants.**
-----------------------------------------------------x

**CASE NO. 1:26-CV-4777**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**
**AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.    Defendant GRAND CANYON DINER CORP. is a New York corporation that owns and operates the restaurant known as Grand Canyon Diner in Park Slope.

4.    Defendant GRAND CANYON BISTRO CORP. is a New York corporation that owns and operates the restaurant known as Grand Canyon Bistro in Downtown Brooklyn.

5.    Defendant 143 MONTAGUE RESTAURANT CORP. (together with Grand Canyon Diner Corp. and Grand Canyon Bistro Corp., the "Defendants") is a New York corporation that owns and operates the restaurant known as Grand Canyon Restaurant in Brooklyn Heights.

6.    Defendants GRAND CANYON DINER CORP., GRAND CANYON BISTRO CORP., and 143 MONTAGUE RESTAURANT CORP. are collectively referred to as the Corporate Defendants.

7.    All of the Corporate Defendants are owned and operated by the same individuals, Gonzalo Carreto and Cesar Rendon.  The owners are regularly present at each of the restaurants directing employees' work. The websites for each individual location have tabs called "locations" which list each of the three restaurants. Kitchen employees are frequently asked to work at varying locations based on the individual needs of each restaurant at a given time.  As such, the Corporate Defendants are a "single integrated enterprise" under the relevant wage and hour laws.

8.    Each Corporate Defendant has an annual gross volume of sales in excess of $500,000. Corporate Defendants have employees engaged in interstate commerce and handling,

selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

9. Defendants GONZALO CARRETO and CESAR RENDON are New York residents that own and operate the Corporate Defendants. Defendant Rendon was regularly present at Plaintiff's location and directly controlled his pay, scheduling and disciplinary issues. Defendant Carreto is more frequently at the other location but he has ultimate authority over each location, and regularly checks in with Defendant Rendon with respect to the day-to-day management of Grand Canyon Diner.

10. Plaintiff Juventino Castillo ("Plaintiff") worked for Defendants as a prep cook/dishwasher/delivery man at the Grand Canyon Diner from 2014 through January 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all kitchen employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all kitchen employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

17. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime

4

compensation, and spread of hours compensation and failing to provide required wage statements. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of New York law.

b) Whether Defendants unlawfully failed to pay Plaintiff and the Class Members the minimum wage for all hours worked.

c) Whether Defendants unlawfully failed to pay Plaintiff and the Class Members the proper overtime rate for all overtime hours worked.

d) Whether Plaintiff and Class Members were properly paid New York's "spread of hours" for workdays that lasted longer than ten (10) hours.

e)      Whether Defendants provided Plaintiff and Class Members with proper wage statements.

## FACTS

22.     Plaintiff's Consent to Sue form is attached hereto in Exhibit A.

23.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.     Plaintiff worked for Defendants as a dishwasher, prep cook and delivery man.

25.     Plaintiff's job duties including dishwashing, performing food prep related work in the kitchen, and for about four (4) hours per shift, making deliveries.

26.     Plaintiff regularly worked more than forty (40) per week.

27.     For example, in the year 2025, Plaintiff's regular schedule was Mondays from 11:00 a.m. to 9:00 p.m., Tuesdays from 6:30 a.m. to 1:30 p.m., Thursdays and Fridays from 12:00 p.m. to 9:00 p.m., and Saturdays and Sundays from 10:00 a.m. to 9:00 p.m.

28.     Plaintiff was paid less than the New York minimum wage.  For example, in 2025 Defendants paid Plaintiff $12 per hour, plus whatever tips he received during his delivery hours.

29.     Defendants were not entitled to pay Plaintiff pursuant to any tip credit, because (a) he was not given notice of any tip credit being applied to the minimum wage, and (b) he spent more than half of his shift time performing kitchen work and dishwashing.

30.     Defendants did not pay Plaintiff any overtime premium for hours he worked in excess of 40 per week.

31.     Defendants paid Plaintiff each pay period for his overtime hours in cash, without an accurate wage statement stating his actual hours worked or pay for the period in question.

32.    Plaintiff believes that, in additon to paying only at his straight rate, Defendants illegally withheld 8.5% of the money he was paid for overtime work, but he could not pursue these claims with accuracy because he did not receive the wage statements required by law.

33.    Plaintiff's ability to advocate for himself and show that he was not paid the correct amount for all of the time that he worked is impaired by Defendants' failure to provide wage statements that accurately reflect his hours worked.

34.    Defendants did not pay Plaintiff New York's "spread of hours" premium for his workdays that spanned more than 10 hours.

35.    Defendants knowingly committed the foregoing acts against the Plaintiff, FLSA Collective members, and the Class Members.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

36.    Plaintiff realleges and incorporates by reference all previous paragraphs.

37.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

38.    Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

39.    At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

8

40.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Class)**

41.     Plaintiff realleges and incorporates by reference all previous paragraphs.

42.     Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage for every hour worked.

43.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Himself and Class)**

44.     Plaintiff realleges and incorporates by reference all previous paragraphs.

45.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46.     Throughout the Class Period Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class Members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

9

47. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR § 146-1.6)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

48. Plaintiff realleges and incorporate by reference all previous paragraphs.

49. Defendants did not pay Plaintiff and the Class members New York's spread of hours premium when their workdays spanned more than 10 hours.

50. As a result of Defendants' unlawful conduct, Plaintiff and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class)**

51. Plaintiff realleges and incorporates by reference all previous paragraphs.

52. Defendants did not provide Plaintiff and the Class members with wage statements that contained the required information under N.Y. Lab. Law § 195.

53. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, and members of the Class, prays for relief as follows:

10

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        August 5, 2026

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:/s/*D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed*
*FLSA Collective Plaintiffs, and proposed*
*Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

12