JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

August 12, 2026

**VIA ECF**

Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

**Re: Castillo v. Grand Canyon Diner Corp.**
**26-cv-04777-HG**

Dear Judge Gonzalez:

We represent the Plaintiff in the above-referenced action. I write with respect to the Order to Show Cause issued by Your Honor on August 7, 2026, ordering Plaintiff to show cause why his allegations of violations of New York Labor Law **§** 195(3) ("NYLL **§** 195(3)") should not be dismissed for lack of standing under *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024). As set forth below, Plaintiff's § 195(3) claims should not be dismissed because the Complaint contains direct allegations of "downstream harm" caused by Defendants' failure to provide Plaintiff with accurate wage statements. The Complaint therefore satisfies the requirement of actual harm under *Guthrie.*

In *Guthrie*, the Second Circuit explained that a plaintiff asserting § 195 claims "may have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." Guthrie, 113 F.4th at 309. To establish standing in this situation, the allegations in the complaint "must support a plausible theory as to how [the plaintiff] was injured by the defendants' failure to provide the required documents." *Id.* (internal quotation marks & alteration omitted).

Here, Plaintiff's Complaint alleges just such a "plausible theory" of harm flowing from Defendants' failure to provide him with accurate wage statements as § 195(3) requires. Specifically, Paragraphs 31-33 of the Complaint allege the following:

> 31. Defendants paid Plaintiff each pay period for his overtime hours in cash, without an accurate wage statement stating his actual hours worked or pay for the period in question.

> 32. Plaintiff believes that, in addit[i]on to paying only at his straight rate, Defendants illegally withheld 8.5% of the money he was paid for overtime work, but he could not pursue these claims with accuracy because he did not receive the wage statements required by law.
>
> 33. Plaintiff's ability to advocate for himself and show that he was not paid the correct amount for all of the time that he worked is impaired by Defendants' failure to provide wage statements that accurately reflect his hours worked.

Defendants failed to give Plaintiff proper wage statements under NYLL **§** 195(3) containing his actual hours worked, his overtime rate and the basis for his actual pay in a given period. Compl. ¶ 31. As a result, although Plaintiff throughout his employment believed that he was not paid the entirety of his overtime compensation, he could not tell for certain whether the shortfall was attributable to shaved hours, excessive deductions, or (most likely) a combination of the two. Compl. ¶ 32. Plaintiff alleges clearly that because he did not have the basic information, he did not (and could not) address his underpayments with Defendants. Compl. ¶¶ 32-33.

Allegations similar to Plaintiff's here have repeatedly been found to satisfy *Guthrie*'s standing requirements. *See* ; *Moran v. John J. Picone, Inc.*, No. 24-cv-4095, 2025 U.S. Dist. LEXIS 193681, 2025 WL 2783596, at *8 (E.D.N.Y. Sept. 30, 2025) (finding standing with allegations that "Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier . . . Plaintiff would have asserted his claim sooner if accurate statements had been provided"); *Leiva v. Los Amigos Deli Bodega Hispana Corp*., No. 2:24-cv-05222 (NJC) (AYS), 2025 LX 521087, at *11 (E.D.N.Y. Dec. 12, 2025) (same); *Cinar v. R&G Brenner Income Tax, LLC*, 20-CV-1362 (RPK) (JRC), 2024 U.S. Dist. LEXIS 168579, 2024 WL 4224046, at *4 (E.D.N.Y. Sept. 18, 2024) (finding standing where Plaintiff alleged he "would have confronted [d]efendants and advocated for the proper payment of wages"); *see also Guthrie*, 113 F.4th at 310 ("[A] plaintiff-employee who has plausibly shown that defective notices led him or her to lose wages has . . . a concrete interest" in the lawsuit).

Plaintiff appreciates that he will have to establish these facts throughout the litigation to maintain standing. Nevertheless, at this early stage, Plaintiff has plainly alleged sufficient downstream harm to maintain Article II standing under *Guthrie.* Accordingly, his § 195(3) wage statement claim should not be dismissed.

Respectfully submitted,

/s/ *D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum

cc: All counsel (via ECF)